IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

J-LINE PUMP CO. d/b/a
AMERICAN-MARSH PUMPS,

    Plaintiff,

vs.

JASON EDDIE DOUGLAS, HYDROFLO
PUMPS, USA INC., TACO, INC. AND
HEARTLAND PUMP
RENTAL AND SALES, INC.

    Defendants.

No. _____
Judge _____

JURY DEMANDED

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, MISAPPROPRIATION OF TRADE SECRETS AND DAMAGES**

COMES NOW the Plaintiff, J-Line Pump Co. d/b/a American Marsh Pumps (hereafter referred to as "AMP") and hereby states as follows:

### NATURE OF ACTION

1. This is an action for damages brought pursuant to the Copyright Act, 17 U.S.C. §101 et seq., the Lanham Act, 15 U.S.C. §1051 et seq., 15 U.S.C. §1125(a), and pendent Tennessee state-law claims for unfair competition, Tennessee Uniform Trade Secret Act 47-25-1701 et seq. and violations of the Tennessee Consumer Protection Act, T.C.A. §47-18-1101 et seq.

### JURISDICTION OF THE PARTIES

2. AMP is a Tennessee corporation licensed to do business in Tennessee, with its principal place of business located in Collierville, Tennessee.

1

3. Upon information and belief, the Defendant, Hydroflo Pumps USA, Inc. d/b/a Hydroflo Pumps (hereafter "Hydroflo") is a Tennessee corporation with its principal place of business located in Fairview, Tennessee and which may be served through its registered agent for service of process Brian D. Daschner, 7118 Loblolly Pine Boulevard, Fairview, Tennessee 37062 and is a division of Taco, Inc.

4. Defendant Taco, Inc. (hereinafter "Taco") is a Rhode Island corporation with its principal place of business in Cranston, Rhode Island and which may be served through its registered agent, Kyle Adamonis at 1160 Cranston Street, Cranston, RI 02920.

5. Upon information and belief, Defendant Taco purchased Defendant Hydroflo in 2012 and, following this acquisition, Taco integrated the Defendant Hydroflo into its organizational structure as a division of Taco, and, since this acquisition, Taco has exercised complete dominion and control over Hydroflo.

6. Defendant Heartland and Pump Rental and Sales, Inc. (hereinafter "Heartland") is an Illinois corporation, with its principal place of business in Carterville, Illinois, doing business in Tennessee and which may be served through its registered agent, CT Corporation System, 800 S. Gay St., Ste. 2021, Knoxville, Tennessee 37929-9710.

7. Upon information and belief, the Defendant Jason Eddie Douglas (hereafter "Douglas") is a resident of Nashville, Tennessee and may be served at his place of residence, 7252 Highway 70, Nashville, Tennessee 37221-2857.

8. This Court has original jurisdiction in this matter pursuant to 15 U.S.C. §1121(a), 17 U.S.C. §§ 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

9. Jurisdiction over the state law claims is based on 28 U.S.C. §1338(b) and the doctrine of supplemental jurisdiction.

10. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of Tennessee pursuant to 28 U.S.C. § 1367 (a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

11. Venue is proper pursuant to 28 U.S.C. §1391(b) and §1400(a).

## BACKGROUND

12. AMP is in the business of manufacturing, selling and servicing centrifugal and positive displacement pumps as well as electrical motors, mechanical seals, fire protection fittings, couplings and other equipment for the pumps.

13. AMP has retained, and has neither licensed nor assigned to any of the Defendants, the right to manufacture, market its products or use AMP's copyrighted works.

14. As part of its business practices, AMP provides its customers with brochures, diagrams and drawings of its products, specifically including its pumps. These diagrams and drawings provide the customer with the general aspects of the pumps.

15. The more technical aspects relating to how the pumps are made are shown in the pumps' pattern drawings, which are not made available to anyone outside of AMP, as these pattern drawings are AMP's protected trade secrets.

16. AMP utilizes a distinct trademark of "American-Marsh Pumps." This mark was trademarked on September 9, 2003 by the United States Patent and Trademark Office, and renewed on September 9, 2013. A copy of Plaintiff's certificate of registration is attached hereto as Exhibit A.

17. AMP's drawings and brochures, specifically including its drawings and brochure for the 380 Series Multi-Stage Centrifugal Pumps, have been registered with the United States

Copyright Office. As the registered copyright owner of its drawings and brochures, AMP possesses exclusive rights to copy and distribute them. A copy of the brochure for the 380 Series Multi-Stage Centrifugal Pumps and the applicable certificate from the United States Copyright Office, bearing registration number VA 1-872-232, are attached hereto as Exhibit B.

18. Defendant Hydroflo is also engaged in the manufacture, selling, and servicing of centrifugal and positive displacement pumps as well as various pieces of equipment for such pumps. Hydroflo is a direct business competitor to AMP.

19. Following its acquisition of the Defendant Hydroflo, the Defendant Taco integrated the Defendant Hydroflo into its organizational structure as an operating unit or division. At all times pertinent to this lawsuit, the Defendant Taco exercised complete dominion and control over this subsidiary, including dominion and control over the Defendant Hydroflo's policies and business practices such that the Defendant Hydroflo had no separate mind, will or existence of its own. Further, at all times pertinent to this lawsuit, the Defendant Taco utilized its control over the Defendant Hydroflo to allow or permit Hydroflo to commit the wrongs and statutory violations as herein described which wrongs and statutory violations were the direct and proximate cause of the damages and losses to the Plaintiff as described herein.

20. Defendant Heartland is a former AMP distributor, but now is a distributor for Defendant Hydroflo. As such, Defendant Heartland is also in direct business competition with AMP.

21. Defendant Douglas is a former employee of AMP. Upon information and belief, Douglas is now employed by Hydroflo. At AMP, Defendant Douglas was the manager of AMP's Engineering Drafting & Design Department. In this capacity, Douglas had access to AMP's pattern and design drawings and diagrams, as well as access to AMP's copyrighted

4

promotional brochures. Upon information and belief, Defendant Douglas holds a comparable position as an employee of Defendant Hydroflo.

22. As such, Douglas is engaged in activities on behalf of Hydroflo in direct competition to AMP. All actions of Douglas, undertaken on behalf of and in furtherance of the business of his employer(s), Hydroflo and/or Taco.

23. In 2012, an AMP customer forwarded a set of drawings and diagrams of AMP's centrifugal pump, bearing the logos of both Heartland and Hydroflo, to AMP. The set of drawings and diagrams, bearing the logos of Heartland and Hydroflo, depicted drawings and contained text created by and copyrighted by AMP. See Exhibit C.

24. This set of drawings and diagrams indicated that they were prepared by Defendant Douglas on behalf of Hydroflo.

25. The set of drawings and diagrams were copied and/or distributed to Heartland by Defendant Douglas while in the course and scope of his employment with Defendant Hydroflo and /or Taco. Such acts by Defendant Douglas are imputed to his employer(s), the Defendant Hydroflo and the Defendant Taco.

26. The product and illustration and text depicted in the infringing set of documents, a centrifugal horizontal turbine pump, is a product designed and manufactured by AMP and an illustration and text created by AMP.

27. Hydroflo maintains a website at the web address of www.hydroflopumps.com. The materials and information made available to visitors to this website include engineering drawings depicting the performance curves of the pumps offered for sale by Hydroflo. These performance curves are customarily used in this industry to represent the suction and flow

5

capabilities of pumps so that consumers can ascertain if the offered pump satisfies the customers' needs.

28. The curve drawings used by Hydroflo on the above referenced website includes a performance curve drawing which purports to depict the performance of Hydroflo's pumps. In fact, however, it is a drawing authored and prepared by AMP, depicting the performance of one of AMP's pumps. A copy of this performance curve drawing as appearing on Hydroflo's website is attached hereto as Exhibit D. Hydroflo, in an obvious effort to conceal and hide the fact that this performance curve drawing represented the performance of one of AMP's pumps, made an attempt to cover over AMP's registered mark and catalog number from the depicted drawing. However, when this drawing is opened by use of certain software programs commonly in use (such as, for example, via Adobe Acrobat), the text box in the center can be moved to reveal the trademark protected name of AMP, along with AMP's product catalog number. A copy of the same performance curve drawing found on Hydroflo's website depicted above as Exhibit D is attached as opened via Adobe Acrobat software, with the text box in the center moved slightly upward, as Exhibit E. As can clearly be seen by a comparison of these two drawings, they are the same with the exception that Exhibit D attempts to obscure that it originated as a drawing authored and prepared by AMP, as well as AMP's registered mark.

### COUNT ONE – COPYRIGHT INFRINGEMENT
(All Defendants)

29. AMP reiterates and incorporates by reference each and every allegation set forth in paragraphs 1 through 28, as if set out verbatim herein.

30. At all times relevant hereto, AMP has been the producer and owner of the brochure, drawings, diagrams and text as shown in Exhibit B, which were reproduced, distributed and publicly displayed by Defendants.

6

31. For the work at issue in this matter, AMP holds a copyright registration from the United States Copyright Office. See Exhibit B.

32. Without authorization, Defendants reproduced, distributed and/or publicly displayed the AMP-owned and copyrighted work.

33. AMP did not authorize Defendants' copying, display or distribution of its work.

34. Defendants knew the infringed work belonged to AMP and that they did not have permission to exploit AMP's work.

35. Defendants knew their acts constituted copyright infringement.

36. Defendants' conduct was willful within the meaning of the Copyright Act.

37. As a result of their wrongful conduct, Defendants are liable to AMP for copyright infringement pursuant to 17 U.S.C. § 501 et seq. AMP has suffered, and will continue to suffer substantial losses.

38. AMP is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504.

## COUNT TWO – CONTRIBUTORY COPYRIGHT INFRINGEMENT
(Defendants Douglas, Hydroflo and Taco)

39. AMP reiterates and incorporates by reference each and every allegation set forth in paragraphs 1 through 38, as if set out verbatim herein.

40. Defendants directly infringed Plaintiff's copyrighted work.

41. Further, Defendants Douglas, Hydroflo and Taco induced, caused and materially contributed to the infringing acts committed by the Defendant Heartland by encouraging, inducing, allowing and assisting Heartland in reproducing and distributing AMP's work.

42. Defendants Douglas, Hydroflo and Taco had knowledge of the infringing acts relating to AMP's copyrighted work.

43. The acts and conduct of Defendants Douglas, Hydroflo, and Taco as alleged above in this Complaint constitute contributory copyright infringement.

44. The Defendants, Douglas, Hydroflo and Taco knew their acts constituted copyright infringement.

45. The conduct of the Defendants, Douglas, Hydroflo and Taco was willful within the meaning of the Copyright Act.

46. As a result of their wrongful conduct, the Defendants, Douglas, Hydroflo and Taco, are liable to AMP for copyright infringement pursuant to 17 U.S.C. § 501. AMP has suffered, and will continue to suffer substantial losses.

47. AMP is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504.

**COUNT THREE – MISAPPROPRIATION OF TRADE SECRETS – VIOLATION OF TENNESSEE UNIFORM TRADE SECRET ACT 47-25-1701**
**(Defendants Douglas, Hydroflo and Taco)**

48. AMP hereby incorporates paragraphs 1-47 of this Complaint as set forth above.

49. On or about August 27, 2008, Defendant Douglas executed a Personnel Policies Acknowledgment, acknowledging the receipt of AMP's company policies handbook and confirming he would conform to the rules and regulation of AMP. See Exhibit F.

50. Pursuant to the AMP's Personnel Policies Manual, employees are not permitted to disclose business secrets or confidential information. See pages 21 and 23, AMP Personnel Policies Manual, pertinent pages attached hereto as Exhibit G.

51. As the manager of AMP's Engineering Drafting & Design Department, Defendant Douglas had access to AMP's trade secret information as defined by Tennessee's Uniform Trade Secret Act §47-25-1702(4).

8

52. Specifically, Defendant Douglas had access to AMP's 380 Multi-Stage Centrifugal Pump patterns. Said patterns constitute trade secrets because AMP derives independent economic value from such information not being generally known to or readily ascertainable by other persons who can obtain economic value from its disclosure or use and AMP makes efforts to maintain its secrecy. AMP's competitors in the industry, as described herein, do not generally know AMP's trade secrets.

53. Upon information and belief, Defendant Douglas, has actually misappropriated said trade secrets by improperly using and disclosing said information to Defendants Hydroflo and Taco by providing them with access to such trade secrets.

54. Defendants Hydroflo and Taco knew or should have known that the patterns and other technical information was proprietary to AMP and was a trade secret as defined in the Tennessee Uniform Trade Secret Act.

55. As a proximate result of Defendants' misappropriation of AMP's trade secrets, Hydroflo and Taco have been unjustly enriched and AMP has suffered damages in an amount to be proven at trial.

56. Defendants' misappropriation has been willful and malicious. Therefore, AMP is entitled to actual and exemplary damages pursuant to Tennessee's Uniform Trade Secret Act §47-25-1704 and attorneys fees pursuant to Tennessee's Uniform Trade Secret Act §47-25-1705(3).

### COUNT FOUR - LANHAM ACT (Mistake, confusion, and/or deception)
### (Defendants Hydroflo and Taco)

57. AMP hereby incorporates paragraphs 1-56 of this Complaint as set forth above.

58. AMP's mark, American-Marsh Pumps, is registered with the United States Patent & Trademark Office. See Exhibit A.

9
Case 3:13-cv-00960   Document 1   Filed 09/16/13   Page 9 of 14 PageID #: 9

59. The improper use of the AMP trademark on Hydroflo's website and other advertising material is likely to deceive and/or cause AMP's existing and potential customers confusion or mistake regarding the affiliation, connection, or association between AMP and Hydroflo in violation of the Lanham Act, 15 U.S.C. §1125(a) (1).

60. The wrongful use by Hydroflo of AMP's trademark, as described above, is likely to cause confusion, or to cause mistake, or to deceive as to the sponsorship or approval by AMP of Hydroflo and its products.

61. The wrongful use by Hydroflo of AMP's trademark, as described above, constitutes a false designation of the origin of Hydroflo's goods, or a false or misleading description or representation of fact, within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and is a violation of that statute.

62. Hydroflo's improper use of AMP's trademark on its website and other advertising materials has caused and will continue to cause AMP to lose customers, potential customers, business, revenue and goodwill such that AMP is entitled to damages as provided under 15 U.S.C. §1117.

### COUNT FIVE - LANHAM ACT (Dilution)
### (Defendants Hydroflo and Taco)

63. AMP hereby incorporates paragraphs 1-62 of the Complaint verbatim as set forth above.

64. AMP's mark, American-Marsh Pumps, is registered with the United States Patent & Trademark Office, is distinctive of AMP's services, and is famous as a result of AMP's extensive advertising, promotion, use, and services under the American-Marsh Pumps mark.

65. The American-Marsh Pumps mark is widely recognized by the consuming market for AMP's products and services

10

66. Hydroflo's improper use of the AMP trademark on its website and other advertisement material is likely to affect AMP's mark, by blurring and tarnishing the distinctive value of AMP's mark in violation of the Lanham Act, 15 U.S.C. §1125(c).

67. Hydroflo's improper use of the AMP trademark on its website, as described above, is likely to have caused and will likely continue to cause AMP to lose customers, potential customers, business, revenue and goodwill.

68. Hydroflo's improper use of the AMP trademark on its website as described above was willful and intended by Hydroflo to trade on AMP's famous mark and/or was done by Hydroflo with the willful intent to harm the reputation of AMP's famous mark. Accordingly AMP is entitled to damages as provided under 15 U.S.C. §1117.

**COUNT SIX– LANHAM ACT (Federal Unfair Competition, False Designation of Origin, Passing Off and False Advertising)**
**(Defendants Hydroflo and Taco)**

69. AMP hereby incorporates paragraphs 1-68 of the Complaint verbatim as set forth above.

70. The AMP name, mark and patterns, as used by Defendants in connection with providing goods and services related to AMP's centrifugal pumps are distinctive and have become associated with AMP and thus exclusively identify AMP's business, products and services.

71. Because of Defendants' wrongful use of AMP's name, mark, brochure, drawings and patterns in conjunction with Defendants' manufacture and marketing of the centrifugal pump as shown in Exhibits C, D and E, consumers are deceptively led to believe that the AMP centrifugal pumps originated with Defendants, are available for purchase from the Defendants, or that the Defendants otherwise are authorized to use the

11

Case 3:13-cv-00960   Document 1   Filed 09/16/13   Page 11 of 14 PageID #: 11

AMP mark and pattern, or otherwise will cause patrons to believe that the AMP mark and pattern are generic, thus destroying the goodwill and value AMP has built with its products.

72. The foregoing acts and conduct by Defendants constitute false designation of origin, passing off, bait and switch, and false advertising in connection with the products and services distributed in interstate commerce, in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73. AMP is entitled to remedies available under the Lanham Act, including but not limited to compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

### COUNT SEVEN –VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT
### (All Defendants)

74. AMP hereby incorporates paragraphs 1-73 of the Complaint verbatim as stated above.

75. The improper use of AMP's trademark, confidential trade secrets and patterns and copyrighted material by the Defendants as described hereinabove constitutes unfair or deceptive acts affecting trade or commerce and, therefore, violates the Tennessee Consumer Protection Act, T.C.A. 47-18-101 et seq., including but not limited to the statute's prohibitions against:

   a) Falsely passing off goods or services as those of another (T.C.A. 47-18-104(b)(1)) and

   b) Causing likelihood of confusion or misunderstanding as to the source, affiliation, connection or association of the goods or services (T.C.A. 47-18-104(b) (2) through (b) (3)).

76. This Court has jurisdiction over these Tennessee statutory violations by virtue of 28 U.S.C. 1338(a) and the doctrine of supplemental jurisdiction.

## COUNT EIGHT- Civil Conspiracy
### (Defendants Hydroflo, Douglas and Taco)

77. AMP hereby incorporates paragraphs 1-76 of the Complaint verbatim as stated above.

78. Defendants Hydroflo, Taco and Douglas illegally and unlawfully conspired and acted in concert to misappropriate the confidential and proprietary trade secrets of AMP, specifically including AMP product designs and to engage in unfair trade practices.

79. The actions of these Defendants amount to such willful, wanton and intentional misbehavior to justify an award of punitive damages.

80. Defendants should make a full accounting to the Court of all actions taken in the aforesaid wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, AMP, American-Marsh Pumps, requests a judgment against the Defendants as follows:

A. Declaring that the above-described conduct of Defendants, Hydroflo, Taco and Douglas' constitutes:

   a. Unfair competition, false designation of the origin and passing off of products, false advertising and/or promotion of the nature, characteristics and/or qualities of AMP's goods, services and commercial activities in violation of Section 43(b) of the Lanham Act, (15 U.S.C.A. §1125(a);

   b. Service mark dilution under Section 43(c) of the Lanham Act (15 U.S.C.A. §1225(c);

c. Unfair competition under Tennessee law;

  d. Violations of the Tennessee Consumer Protection Act (T.C.A. §47-18-101 et seq.);

  e. Copyright infringement in violation of the Copyright Act (17 U.S.C. §501 et seq.); and

  f. Misappropriation of trade secrets pursuant to Tennessee's Uniform Trade Secret Act (§47-25-1701, et seq.)

  g. Committed a civil conspiracy.

B. Declaring that the above-described conduct of Defendant Heartland constitutes copyright infringement in violation of the Copyright Act (17 U.S.C. § 501 et seq.) and committed civil conspiracy.

C. Ordering that the Defendant be required to account for and relinquish all of its profits, gains and advantages derived through its wrongful acts;

D. Awarding AMP damages;

E. Awarding punitive damages;

F. Awarding AMP alls costs in this action, including its attorney's fees and expenses; and

G. Awarding AMP such other relief, both legal and equitable, to which it may be entitled.

**THE PLAINTIFF RESPECTFULLY DEMANDS A JURY TO TRY ALL ISSUES.**

Respectfully submitted,

Michele Howard-Flynn (#019808)
Robert D. Flynn (#07941)
Attorneys for the Plaintiff
The HF Law Group, PLLC
3257 W. Sarazen's Circle
Memphis, TN 38125
T. (901) 322-8025 F. (901) 322-8026

14